TERESA J. GUNDERSEN
312 Kinderkamack Road
P.O. Box 716
Westwood, New Jersey 07675

Attorney for Plaintiff(s)

| | |
|---|---|
| ROBERT FOX | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY |
| Plaintiffs, | DOCKET NO. L-014519-04 |
| v. | |
| THE RITZ-CARLTON HOTEL COMPANY, L.L.C., ABC CORP., A & A Maintenance Contractors Corp., and D.E.F. Corp, jointly, severally and individually, | CIVIL ACTION<br>SUMMONS |
| Defendants. | |

From The State of New Jersey

To The Defendant(s) Named Above: *The Ritz-Carlton Hotel Company L.L.C.*

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed about within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.)

A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect

your rights; you must file and serve a written answer, or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ Donald Phelan
DONALD F. PHELAN,
Clerk of the Superior Court

Dated: January 20, 2005

Name of Defendant to be Served:  *The Ritz-Carlton Hotel Company, L.L.C.*

Address of Defendant to be Served:

*please serve registered agent, The Prentice Hall Corporations Systems of Maryland*
*At:*
*11 East Chase Street*
*Baltimore, Maryland 21202*

TERESA J. GUNDERSEN
312 Kinderkamack Road
P.O. Box 716
Westwood, New Jersey 07675
(201) 666-8282

Attorney for Plaintiff(s)

SUPERIOR COURT BERGEN COUNTY
FILED
DEC 2 3 2004
Jan Gordmen
DEPUTY CLERK

ROBERT ALAN FOX

    Plaintiff,

v.

THE RITZ – CARLTON HOTEL COMPANY, L.L.C., (doing business as The Ritz-Carlton, Kapalua), A.B.C. Corp., A & A Maintenance Contractors Corp. and DEF Corp., Jointly, Separately and Individually

    Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

DOCKET NO. L/14579-04

CIVIL ACTION
COMPLAINT AND JURY DEMAND

Plaintiff, Robert Alan Fox, residing at 16 Graham Street, P.O. Box 623, in the Borough of Alpine, County of Bergen and State of New Jersey, by way of Complaint against the defendants says that:

## FIRST COUNT

1. On or about December 27, 2002 and at all times relevant herein, defendants, The Ritz-Carlton Hotel Company, L.L.C. (doing business as The Ritz Carlton, Kapalua), A.B.C. Corp, A & A Maintenance Contractors Corp. and DEF Corp. were the lessors, owners, maintainers, operators and in control of the business and the business premises commonly known as The Ritz-Carlton, Kapalua.

2. Upon information and belief, The Ritz-Carlton Hotel Company, L.L.C. is a limited liability company of the State of Maryland with its business address as suite 400, 2711 Centerville

1

Road, Wilmington, Delaware 19808; the primary business address of The Ritz Carlton, Kapalua is One Ritz-Carlton Drive, Island of Maui, Kapalua, Hawaii 96761.

3. The defendants, The Ritz-Carlton Hotel Company, L.L.C. (doing business as The Ritz Carlton, Kapalua), A.B.C. Corp, A & A Maintenance Contractors Corp. and DEF Corp. owed a duty to the plaintiff, Robert Alan Fox and other business invitees to conduct said business in a safe manner, to maintain said premises in a reasonably safe condition and to use due care to inspect and discover the presence of any dangerous conditions, and in the exercise of said duty, had the obligation to protect the safety and well-being of Robert Alan Fox.

4. On or about June 28, 1999, Robert Alan Fox was a business invitee, lawfully on the aforesaid premises and a resident of the hotel at The Ritz Carlton, Kapalua.

5. As a business invitee, Robert Alan Fox was entitled to the highest degree of care including an affirmative effort by defendants to safeguard him while he was on the premises.

6. At the aforesaid time and place, the defendants, The Ritz-Carlton Hotel Company, L.L.C. (doing business as The Ritz Carlton, Kapalua), A.B.C. Corp, A & A Maintenance Contractors Corp. and DEF Corp. breached and disregarded the duty owed to plaintiff, Robert Alan Fox, and did negligently and carelessly maintain the premises and did cause a slippery, hazardous, dangerous and defective condition to exist so as to cause Robert Alan Fox to be injured while he was walking on the The Ritz Carlton, Kapalua premises.

7. As a result of the negligent acts and omissions of defendants, The Ritz-Carlton Hotel Company, L.L.C. (doing business as The Ritz Carlton, Kapalua), A.B.C. Corp, A & A Maintenance Contractors Corp. and DEF Corp., Robert Alan Fox was caused to:

(a) sustain severe and disabling personal injuries, of both a permanent and temporary nature;

2

(b) suffer severe pain and mental anguish, and he will, in the future, suffer mental anguish and emotional distress;

(c) expend divers sums of money for medical care and treatment, and will, in the future, be caused to obtain medical care and treatment in order to alleviate the affects of the injuries sustained;

(d) be prevented from employment and enjoying his normal pursuits, the normal and usual fruits of his existence in society, from enjoying his daily endeavors and other activities, and will, in the future, be prevented from enjoying and from engaging in these things;

(e) suffer additional loss of money; and

(f) suffer additional damages.

WHEREFORE, plaintiff, Robert Alan Fox, demands judgment against the defendants, The Ritz-Carlton Hotel Company, L.L.C. (doing business as The Ritz Carlton, Kapalua), A B C Corp, A & A Maintenance Contractors Corp. and DEF Corp., jointly severally and individually, for damages, together with interest, costs of suit, and any further relief which the Court may deem just and equitable.

## SECOND COUNT

1. Plaintiff repeats and re-alleges each and every allegation set forth in the first count of this complaint as if fully set forth herein at length

2. Before and on and about December 27, defendants, A & A Maintenance Contractors, Corp., and DEF Corp. were responsible for maintenance and safety at The Ritz-Carlton, Kapalua and were doing work at and on the aforedescribed premises at The Ritz-Carlton, Kapalua and were in control of said premises.

3. The defendants, A & A Maintenance Contractors Corp. and DEF Corp. owed a duty to the plaintiff, Robert Alan Fox and other business invitees to conduct maintenance work in a

3

safe manner and to maintain the premises, of which they had control, in a reasonably safe condition and to use due care so as not to endanger the plaintiff, Robert Alan Fox and other business invitees.

4. At the aforesaid time and place, the defendants, A & A Maintenance Contractors Corp. and DEF Corp. breached and disregarded the duty owed to plaintiff, Robert Alan Fox, and did negligently conduct their maintenance work at the premises and did cause a dangerous condition to exist so as to cause Robert Alan Fox to be injured while he was walking upon the premises.

5. As a result of the negligent acts and omissions of defendants, A & A Maintenance Contractors Corp. and DEF Corp., Robert Alan Fox was caused to suffer the injuries and damages specifically set forth in count one, paragraph seven, of this complaint.

WHEREFORE, plaintiff, Robert Alan Fox, demands judgment against the defendants, The Ritz-Carlton Hotel Company, L.L.C. (doing business as The Ritz Carlton, Kapalua), A.B.C. Corp, A & A Maintenance Contractors Corp. and DEF Corp., jointly severally and individually, for damages, together with interest, costs of suit, and any further relief which the Court may deem just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues raised in the within pleading.

## CERTIFICATION AS PER RULE 4:5-1

This matter is not the subject of any other action pending in any court or of a pending arbitration proceeding and no other action or arbitration is contemplated.

## DESIGNATION OF TRIAL COUNSEL

Teresa J. Gundersen, Esq. is hereby designated as trial counsel for the plaintiff.

4

## AS TO FICTITIOUS NAMES PLED HEREIN

The fictitious names of ABC Corp. and DEF Corp. and A & A Maintenance Corp. are pled so as to preserve plaintiff's cause of action against any person or entity later revealed through discovery and/or investigation, to have operated the premises or to have owned the premises or to have leased the premises or to have had the responsibility of maintaining the area where plaintiff was injured or who may have had control of the area where plaintiff was injured or who may have caused the unsafe condition or who may have caused or contributed to the cause of plaintiff's injuries and/or who may have failed to warn or protect plaintiff from the dangerous condition or who may have had a duty to plaintiff.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiffs demand that defendants, The Ritz-Carlton Hotel Company, L.L.C. (doing business as The Ritz Carlton, Kapalua), A.B.C. Corp, A & A Maintenance Contractors Corp. and DEF Corp., produce for the plaintiff's inspection and copying, the following items, within the time period prescribed by the Rules of Court:

1. Any statements made by any person relevant to this action.

2. Any reports or documents or memoranda relevant to this action.

3. The incident or accident reports regarding this accident.

4. All records regarding any accident that occurred on the particular premises outdoor walkways and paths during the time period of December 27, 1997 through and including December 17, 2002.

5. All records regarding anything done to that particular area of the walkway where

5

the plaintiff alleges he fell on December 27, 2002 before the plaintiff fell.

6. All records and memoranda and directives or notes regarding the issue of posting any warning signage as to the walkway on which the plaintiff alleges he fell.

7. All records and memoranda and directives or notes regarding the issue of accidents, during the time period of December 27, 1997 through and including December 17, 2002, at the walkway area where the plaintiff alleges he fell.

DATED: December 20, 2004

Teresa J. Gundersen, Attorney for Plaintiff

6

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
Pleadings will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

**FOR USE BY CLERKS OFFICE ONLY**
PAYMENT TYPE:  CK   CG   CA
CHG/CK NO _____
AMOUNT _____
OVERPAYMENT: _____
BATCH NUMBER: _____

| ATTORNEY/PRO SE NAME | TELEPHONE NO | COUNTY OF VENUE |
|---|---|---|
| Teresa J. Gundersen, Esq. | (201) 666-8282 | Bergen |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| TERESA J. GUNDERSEN | |

**OFFICE ADDRESS**
312 Kinderkamack Road
P.O. Box 716
Westwood, New Jersey 07675

**DOCUMENT TYPE** (See reverse side for listing)
COMPLAINT

**JURY DEMAND**
X YES    ☐ NO

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION: |
|---|---|
| Robert Alan Fox | Robert Alan Fox v. The Ritz-Carlton Hotel Company, L.L.C. et als. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  YES  x NO |
|---|---|
| 603 | IF YOU CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING  ☐ YES   X NO | IF YES, LIST DOCKET NUMBERS: |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence?)  YES  NO  possibly | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  ☐ NONE   [X] UNKNOWN |

**THE INFORMATION PROVIDED BELOW CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  YES  X NO
IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) _____
☐ FAMILIAL    BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OR FEES BY THE LOSING PARTY?  ☐ YES  X NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?  ☐ YES  X NO  IF YES, PLEASE IDENTIFY: _____

WILL AN INTERPRETER BE NEEDED?  ☐ YES  X NO  IF YES, FOR WHAT LANGUAGE: _____

ATTORNEY SIGNATURE:
*/s/ Teresa J. Gundersen*

SIDE 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY
- 502  BOOK ACCOUNT
- 503  COMMERCIAL TRANSACTION
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 599  CONTRACT
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)

Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 602  ASSAULT AND BATTERY
- 603  AUTO NEGLIGENCE - PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE
- 699  TORT - OTHER

Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLE BLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL COVERAGE LITIGATION
- 234  FRT PLYWOOD LITIGATION
- 245  ACTIONS UNDER FEDERAL Y2K ACT
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 613  REPETITIVE STRESS SYNDROME
- 701  ACTIONS IN LIEU OF PREROGATIVE WRIT

Mass Tort (Track IV)
- 240  DIET DRUG
- 241  TOBACCO
- 243  LATEX
- 246  REZULIN
- 247  PROPULSID
- 248  CIBA GEIGY
- 264  PPA
- 601  ASBESTOS
- 612  BLOOD-CLOTTING SERUM
- 702  LEAD PAINT

999  OTHER (Briefly describe nature of action)

If you believe this case requires a track other than that provided above, please indicates the reason on Side 1, in the space under "Case Characteristics."